UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-40064-FDS

CHARTER COMMUNICATIONS        )
ENTERTAINMENT I, LLC          )
d/b/a CHARTER COMMUNICATIONS, )
                              )
            Plaintiff         )
                              )
v.                            )
                              )
INES CINTRON,                 )
                              )
            Defendant         )

## DEFENDANT INES CINTRON'S MOTION TO SET ASIDE DEFAULT

Pursuant to Federal Rule of Civil Procedure 55 (c), Rule 60 (b) and Local Rules of Civil Procedure, Defendant Ines Cintron, hereby moves before this Honorable Court to set aside the default judgment entered on July 20, 2004. In support of this motion, Defendant states as follows:

1.       On April 27, 2004 Plaintiff Charter Communications Entertainment I, LLC d/b/a Charter Communication filed its complaint against Ines Cintron seeking injunctive relief and damages under provisions of the Federal Communications Act of 1934, as amended by the Cable Communications Policy Act of 1984 and the Cable Television Consumer Protection and Competition Act of 1992, U.S.C. § 553 and the Satellite Home Viewer Act of 1998, 47 U.S.C. § 605, for the unauthorized interception or reception, or the assistance in the unauthorized interception or reception, of cable services offered over Plaintiff's cable system. Plaintiff alleges in its complaint that Defendant Ines Cintron ordered and obtained a device expressly designed, manufactured and intended for the surreptitious and unauthorized reception of Charter's cable services.

2.       Plaintiff moved for default judgment on June 3, 2004 following Defendant Ines Cintron's inability to file an answer to its complaint. In its Motion for Judgment of Default, Defendant, through

his attorney Christopher Brown, asserted that: "The Defendant is not in the military service and is not an infant or incompetent". Consequently, a default judgment was entered on July 20, 2004.

3.    **The Court has erred in allowing the entrance of the default against Defendant Ines Cintron**. Federal Rule of Civil Procedure 55 (b) allows a party to move for default judgment, "but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared herein". Contrary to Plaintiff's assertion, Defendant Ines Cintron is an incompetent person. Ines Cintron is a 49 year old woman with a third grade education who has been diagnosed with multiple sclerosis, depression, fibromyalgia, Carpal tunnel syndrome, multiple myalgias, chronic phlebitis of the lower extremities and hypertension. **(Exhibit A- February 15, 2005 letter by Tammy E. Vargas, M.D.)** On August 31, 2001, Defendant's application for Disability Insurance Benefit was allowed by Francis C. Newton, Jr., U.S. Administrative Law Judge **(Exhibit B)**. Judge Newton concluded that, based on the documentary evidence, Mrs. Cintron's impairment meets the criteria of section 12.04 of the impairments listed on Appendix 1, Subpart P of the Regulations No 4 (20 CFR, Part 404) which states:

> 12.04   Affective Disorders: Characterized by a disturbance of mood, accompanied by full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
>
> Regulation No. 4:        Repeated episodes of deterioration or decompensation in work or work-life settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).

As outlined in Judge Newton's decision, Dr. Tina Render, reported that "claimant [Defendant Cintron] remained highly symptomatic in terms of daily functioning characterized by anhedonia, appetite disturbance, sleep disturbance, psychomotor agitation, decreased energy, feelings of guilt and worthlessness, difficulty concentration and thoughts of suicide." Defendant Cintron is considered to be

"incompetent" as provided by the rules. On several occasions, prior to the commencement of this action, Defendant Cintron advised Plaintiff's attorney of her mental and physical condition.

4. **The default entered should be removed as Defendant's inability to timely responding to the litigation of this matter falls under the excusable neglect provision of Federal Rules of Civil Procedure 60 (b)**. As outlined herein, Defendant's physical and mental condition have rendered her disabled. Since the commencement of this action, April 2004, Defendant Cintron has been prescribed several medications which include lexapro, amantadine, warfarin, lorazepam, ambien, duragesic, roxicet, neurontin, hydrochlaorothiazide, ciprofloxacn, terazol, gynazole, cephalexin, pot chloride and prednisone. **(Exhibit C)** Due to her disability, Defendant Ines Cintron has been unable to engage in substantial gainful activities since July 30, 1999. Defendant's incapability to timely respond to the litigation of this matter was as a direct result of her disability and is, therefore, excusable neglect.

5. **This litigation dispute should be resolved on its merits, not by default**. In Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir.1993), the court found that "The dispositions of motions for entries of defaults and default judgment and relief of the same under Rule 55 (c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." The court further stated that "Because Rule 55 (c) does not define the term "good cause", we have established three criteria that must be assessed in order to decide whether to relieve a party from default or from default judgment. These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." **(Exhibit D)** As further grounds for Defendant's motion to remove the default entered, Defendant addresses herein these three criteria.

Willful default. Defendant Ines Cintron, did not willfully default in litigation of this matter. Defendant's depression, inability to concentrate and suicidal thoughts, disabled her ability to seek legal assistance in order to respond to Plaintiff's complaint and motions. Defendant Ines Cintron kept this litigation dispute from her husband until recently. Upon his awareness of the ongoing litigation, her husband assisted Defendant in seeking the advice and services of an attorney. Defendant's physical and mental inabilities, which caused her to default, were not due to willful acts and should not be construed as such.

Plaintiff will not be prejudiced by setting aside default. In fact, Plaintiff's attorney was made aware by Defendant of her disabling condition during their several telephone conversations. Plaintiff's attorney could have probably foreseen that she would be incapable of responding to this litigation.

Meritorious defense. In its complaint, Plaintiff states that business records seized or produced in AT&T Broadband v. Modern Electronic, Inc., 8:02-00430 indicated that the Defendant ordered and purchased from Modern Electronics on or about April 25, 2000 a cable theft device for use by the Defendant or another for the purpose of unauthorized reception of communications services offered over Charter's and/or other cable systems. No. 22 of its complaint states: "Upon information and belief, the Defendant ordered, purchased, received and possesses, possessed, used or assisted other persons in the use of a cable theft device from Modern Electronics in order to effect the unauthorized reception and interception of Charter's cable services and this constitutes one violation of 47 U.S.C. § 553 (a)."

Plaintiff provided no documents supporting its allegations as an exhibit to its complaint. In June 2004, when Ms. Cintron requested that Plaintiff's attorney provide her with evidence supporting their position that she had purchased such theft device, Plaintiff's attorney's office provided her with an

invoice showing her name (typed), indicating that two items were shipped by Modern Electronics, Inc. and some type of order form **(Exhibit E)**. These documents are not sufficient evidence to support Plaintiff's allegations that Ms. Cintron ordered, received and used a cable theft device. Neither the order form nor receipt shows Ms. Cintron's signature or any type of traceable billing information. Defendant denies that she ordered, received or used any type of cable theft device.

Furthermore, there is a possibility that someone else used Defendant's identity to purchase the cable theft device. In October 2004, Defendant was made aware that someone was using her name and social security number when Social Security Administration requested that she provide their office with employment information. As indicated above, Ms. Cintron was found disabled and has not worked since 1999. Ms. Cintron provided SSA with the appropriate executed form explaining that she has not worked since 1999 and that she believed that someone else is using her social security number. Ms. Cintron also filed a complaint with the police department. **(Exhibit F)** Ms. Cintron's disability benefits have continued.

Defendant has a meritorious defense to Plaintiff's allegations. As stated herein, Defendant's inability to respond to the litigation of this matter was not willful. Said default should not allow this Court to accept the allegations contained in Plaintiff's complaint as truths. The serious allegations that Plaintiff has raised against Defendant should be proven before this Court. Allowing this matter to resolve by default judgment would be extremely prejudicial to the Defendant.

WHEREFORE, Defendant respectfully requests that this Honorable Court set aside the default entered on July 20, 2004. Defendant files herewith her Motion for Enlargement of Time for further consideration by this Court.

Respectfully submitted,
Defendant, Ines Cintron,
By her attorney

_____
Bruce E. Hopper, BBO# 559219
90 Madison Street, Suite 200
Worcester, MA  01608
(508) 754-6168

## CERTIFICATE OF SERVICE

I hereby certify that on February ⁄ ⁊, 2005, I served the above DEFENDANT INES
CINTRON'S MOTION TO SET ASIDE DEFAULT via hand delivery, to:

Burton B. Cohen, Esq.
Martha Cullina LLP
99 High Street
Boston, MA 02110-2320

_____
Bruce E. Hopper



*Tammy E. Vargas, M.D.*
Family Practice

Southbridge Family Health Center

34 Oakes Avenue
Southbridge, MA 01550
(508) 764-3194
Fax (508) 765-5458

February 15, 2005

To Whom It may concern,

RE: Ines Cintron

Mrs. Cintron has multiple sclerosis, depression, fibromyalgia, Carpal tunnel syndrome, multiple myalgias, chronic phlebitis of the lower extremities, hypertension.
Feel free to contact me if I can be of assistance in regards to her health problems.

Tammy E. Vargas, M. D.



**SOCIAL SECURITY ADMINISTRATION**

Refer To: 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

Office of Hearings and Appeals
1441 Main Street
Suite 450
Springfield, MA 01103

Date:

AUG 3 1 2001

Ines Cintron
54 Grace Lane
Southbridge, MA 01550

## NOTICE OF DECISION – FULLY FAVORABLE

I have made the enclosed decision in your case. Please read this notice and the decision carefully.

### This Decision is Fully Favorable To You

Another office will process the decision and send you a letter about your benefits. Your local Social Security office or another office may first ask you for more information. If you do not hear anything for 60 days, contact your local office.

### The Appeals Council May Review The Decision On Its Own

The Appeals Council may decide to review my decision even though you do not ask it to do so. To do that, the Council must mail you a notice about its review within 60 days from the date shown above. Review at the Council's own motion could make the decision less favorable or unfavorable to you.

### If You Disagree With The Decision

If you believe my decision is not fully favorable to you, or if you disagree with it for any reason, you may file an appeal with the Appeals Council.

### How To File An Appeal

To file an appeal you or your representative must request the Appeals Council to review the decision. You must make the request in writing. You may use our Request for Review form, HA-520, or write a letter.

You may file your request at any local Social Security office or a hearing office. You may also mail your request right to the Appeals Council, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA 22041-3255. Please put the Social Security number shown above on any appeal you file.

See Next Page

**Time To File An Appeal**

To file an appeal, you must file your request for review **within 60 days** from the date you get this notice.

The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time.

**Time To Submit New Evidence**

You should submit any new evidence you wish to the Appeals Council to consider **with** your request for review.

**How An Appeal Works**

Our regulations state the rules the Appeals Council applies to decide when and how to review a case. These rules appear in the Code of Federal Regulations, Title 20, Chapter III, Part 404 (Subpart J) and Part 416 (Subpart N).

If you file an appeal, the Council will consider all of my decision, even the parts with which you agree. The Council may review your case for any reason. It **will** review your case if one of the reasons for review listed in our regulations exists. Section 404.970 and 416.1470 of the regulation list these reasons.

Requesting review places the entire record of your case before the Council. Review can make any part of my decision more or less favorable or unfavorable to you.

On review, the Council may itself consider the issues and decide your case. The Council may also send it back to an Administrative Law Judge for a new decision.

**If No Appeal And No Appeals Council Review**

If you do not appeal and the Council does not review my decision on its own motion, you will not have a right to court review. My decision will be a final decision that can be changed only under special rules.

See Next Page

**If You Have Any Questions**

If you have any questions, you may call, write or visit any Social Security office. If you visit an office, please bring this notice and decision with you. The telephone number of the local office that serves your area is (508)753-4105. Its address is 51 Myrtle Street, 1st Floor, Madison Place, Worcester MA 01608.

Francis C. Newton Jr.
U.S. Administrative Law Judge

cc:  Eduardo Velazquez, Esq.
     484 Main St., Ste. 520
     Worcester, MA 01608

## SOCIAL SECURITY ADMINISTRATION
### Office of Hearings and Appeals

### DECISION

**IN THE CASE OF**

Ines Cintron
(Claimant)

_____
(Wage Earner)

**CLAIM FOR**

Period of Disability,
Disability Insurance Benefits, and
Supplemental Security Income

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
(Social Security Number)

### INTRODUCTION

The claimant filed an application for Disability Insurance Benefits on April 3, 2000. On August 4, 2000, she submitted a claim for Supplemental Security Income payments. Both claims were denied initially and on reconsideration, and a request for hearing was timely filed on December 5, 2000. Because there is sufficient evidence to establish disability based upon the evidence of record, an oral hearing was not held. The claimant alleges disability beginning July 30, 1999 due to back and knee pain and depression. Eduardo Velazquez represents the claimant in this matter.

The general issues are whether the claimant is entitled to a period of disability and Disability Insurance Benefits under sections 216(i) and 223 of the Social Security Act, and whether the claimant is disabled under section 1614(a)(3)(A) of the Act. The specific issue is whether she is under a disability, which is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

With respect to the claim for Disability Insurance Benefits, there is an additional issue pertaining to insured status. A review of the claimant's earnings record reveals that she has earned sufficient quarters of coverage to remain insured at least through the date of this decision.

### EVALUATION OF THE EVIDENCE

The claimant is a 45-year-old individual with a third grade education and past relevant work as a laborer. She has not engaged in substantial gainful activity at any time since the alleged onset date.

The claimant has the following medically determinable severe impairment: depression, mild osteoarthritis of the knees and low back pain. The claimant was first diagnosed with degenerative arthritis of the left knee by Majid J. I. Buyuk, M.D. (Exhibit 4F) and received treatment at the UMASS Memorial Medical Center with Dudley A. Ferrari, M.D. (Exhibit 5F). Magnetic resonance imaging of the left knee performed on April 22, 2000 revealed a tear of the medial meniscus along with degenerative changes at the medial joint compartment and on June 22, 2000, underwent left knee arthroscopy. The claimant currently receives treatment for her knee problems with Tammy Vargas, M.D. (Exhibits 10F and 15F). After complaints of low back pain, she underwent magnetic resonance imaging of the lumbar spine on August 24, 2000 which revealed diminished signal intensity involving the L5-S1 disc due to degenerative changes as well as disc protrusion involving the L5-S1. On September 23, 2000, magnetic resonance imaging of the right knee revealed joint effusion and degenerative changes of the knee joint. In a report dated July 31, 2001, Dr. Vargas stated the claimant suffers from bilateral knee pain and is status-post bilateral surgeries with Grade II chondromalasia of all bone surfaces as well as status-post complex meniscus tear repair and degenerative joint disease. In addition to the above, the claimant has a history of psychological problems and currently receives treatment for depression at the George B. Wells Human Services Center with Tina I. Render, M.D.

After giving careful consideration to all the documentary evidence, the Administrative Law Judge has concluded that the claimant has an impairment that meets the criteria of section 12.04 of the impairments listed in Appendix 1, Subpart P of the regulations (20 CFR, Part 404). In a report dated August 7, 2001, Dr. Render stated the claimant has been in psychological treatment for twelve months for severe depression. While the claimant has been compliant with all treatment recommendations, she has been resistant to medications. Dr. Render reported the claimant remained highly symptomatic in terms of daily functioning characterized by anhedonia, appetite disturbance, sleep disturbance, psychomotor agitation, decreased energy, feelings of guilt and worthlessness, difficulty concentration and thoughts of suicide. Dr. Render assessed the claimant as having a moderate limitation in her activities of daily living with a marked limitation in social functioning, constant deficiencies of concentration, persistence and pace and continual episodes of deterioration or decompensation in a work-like setting (Exhibit 16F). Dr. Render is the claimant's treating source and has observed her over a substantial period of time. In view of the above, I find the claimant's impairment meets the criteria of section 12.04 and is disabled.

In accordance with a finding that the claimant has been under a disability beginning July 30, 1999, she is entitled to Disability Insurance Benefits on the basis of her application of April 3, 2000 and eligible for Supplemental Security Income payments by virtue of her application of August 4, 2000.

## FINDINGS

After careful consideration of the entire record, the Administrative Law Judge makes the following findings:

1. The claimant has not engaged in substantial gainful activity since July 30, 1999.

2. The medical evidence establishes that the claimant has the following severe impairment: depression.

3. The severity of the claimant's impairment meets the requirements of section 12.04, Appendix 1, Subpart P, Regulations No. 4 and is expected to preclude her from working for at least 12 continuous months.

4. The claimant has been under a disability, as defined in the Social Security Act, since July 30, 1999 (20 CFR §§404.1520(d) and 416.920(d)).

## DECISION

It is the decision of the Administrative Law Judge that, based on the application filed on April 3, 2000, the claimant is entitled to a period of disability commencing July 30, 1999 and to Disability Insurance Benefits under sections 216(i) and 223, respectively, of the Social Security Act.

It is the further decision of the Administrative Law Judge that, based on the application filed on August 4, 2000, the claimant was disabled under section 1614(a)(3)(A) of the Social Security Act, beginning July 30, 1999, and that the claimant's disability has continued at least through the date of this decision.

The component of the Social Security Administration responsible for authorizing Supplemental Security Income payments will advise the claimant regarding the nondisability requirements for these payments, and if eligible, the amount and the months for which payment will be made.

Francis C. Newton Jr.
U.S. Administrative Law Judge

AUG 3 1 2001

Date



```
                                        Record of Prescription For:
                                              CINTRON INES
                                     01/17/2001 Thru 02/16/2005
                                     Refilled in any Brooks Pharmacy

BROOKS MAXI DRUG #0849                                                              Page:
455 MAIN STREET                                                          Date: 02/16/2005
SOUTHBRIDGE, MA 01550
(508) 764-8567

Name: CINTRON INES                                              DOB: 04/20/1956
Addr: 44 ROOSEVELT DR                                          SEX: Female
      Southbridge MA 01550                                    PHONE:(508) 765-0667
```

| Rx # | Ref | Date of Service | Store | N.D.C. | Drug Name | 1st Cvg | 2nd Cvg | Qty | Patient Cost |
|------|-----|-----------------|-------|--------|-----------|---------|---------|-----|--------------|
| 0236396 | | 12/31/2003 | 0849 | 00591-0349-05 | HYDROCODONE/APAP TAB 5-500M | WEL | | 60 | 2.00 |

Date Written:12/10/2003    Written By:KEANEY, STEPHANIE E                              2.00

| 0237767 | | 01/11/2004 | 0849 | 00093-3147-01 | CEPHALEXIN CAP 500MG | WEL | | 20 | 2.00 |

Date Written:01/11/2004    Written By:WINTERER, JORG C                                 2.00

| 0239395 | | 03/18/2004 | 0849 | 00456-2010-01 | LEXAPRO TAB 10MG | WEL | | 30 | 3.00 |
| 0239395 | 2 | 02/17/2004 | 0849 | 00456-2010-01 | LEXAPRO TAB 10MG | WEL | | 30 | 3.00 |
| 0239395 | | 01/23/2004 | 0849 | 00456-2010-01 | LEXAPRO TAB 10MG | WEL | | 30 | 2.00 |

Date Written:01/21/2004    Written By:RENDER, TINA I                                   8.00

| 0241180 | | 02/05/2004 | 0849 | 00555-0815-02 | CIPROFLOXACIN TAB 500MG | WEL | | 6 | 1.00 |

Date Written:02/05/2004    Written By:VARGAS, TAMMY                                    1.00

| 0241612 | | 02/09/2004 | 0849 | 53489-0146-05 | SMZ/TMP DS TAB 800-160 | WEL | | 30 | 1.00 |

Date Written:02/09/2004    Written By:VARGAS, TAMMY                                    1.00

| 0243897 | | 02/26/2004 | 0849 | 00172-2130-60 | NITROFUR MAC CAP 50MG | WEL | | 30 | 1.00 |

Date Written:02/26/2004    Written By:VARGAS, TAMMY                                    1.00

| 0246581 | | 03/18/2004 | 0849 | 00781-2048-01 | AMANTADINE CAP 100MG | WEL | | 60 | 1.00 |

Date Written:03/18/2004    Written By:MROCZKA, ZOFIA S                                 1.00

| 0246732 | 4 | 08/10/2004 | 0849 | 00555-0925-02 | WARFARIN TAB3MG | WEL | | 30 | 1.00 |
| 0246732 | 3 | 07/14/2004 | 0849 | 00555-0925-02 | WARFARIN TAB3MG | WEL | | 30 | 1.00 |
| 0246732 | 2 | 05/21/2004 | 0849 | 00555-0925-02 | WARFARIN TAB3MG | WEL | | 30 | 1.00 |
| 0246732 | | 04/17/2004 | 0849 | 51672-4030-01 | WARFARIN TAB 3MG | WEL | | 30 | 1.00 |
| 0246732 | 1 | 03/19/2004 | 0849 | 51672-4030-01 | WARFARIN TAB 3MG | WEL | | 30 | 1.00 |

Date Written:03/19/2004    Written By:VARGAS, TAMMY                                    5.00

Record of Prescription For:

CINTRON INES
01/17/2001 Thru 02/16/2005
Refilled in any Brooks Pharmacy

BROOKS MAXI DRUG #0849
455 MAIN STREET
SOUTHBRIDGE, MA 01550
(508) 764-8567

Name: CINTRON INES
Addr: 44 ROOSEVELT DR
Southbridge MA 01550

DOB: 04/20/1956
SEX: Female
PHONE: (508) 765-0667

Page: 6
Date: 02/16/2005

| Rx # | Ref | Date of Service | Store | N.D.C. | Drug Name | DIS | | 1st Cvg | 2nd Cvg | Qty | Patient Cost |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 0248757 | | 04/03/2004 | 0849 | 50458-0034-05 | DURAGESIC | DIS | 50MCG/HR | WEL | | 10 | 3.00 |
| Date Written:04/03/2004 | | | | | Written By:VARGAS, TAMMY | | | | | | 3.00 |
| 0248758 | 3 | 07/27/2004 | 0849 | 00456-2010-01 | LEXAPRO | TAB | 10MG | WEL | | 30 | 3.00 |
| 0248758 | 2 | 06/25/2004 | 0849 | 00456-2010-01 | LEXAPRO | TAB | 10MG | WEL | | 30 | 3.00 |
| 0248758 | 1 | 05/21/2004 | 0849 | 00456-2010-01 | LEXAPRO | TAB | 10MG | WEL | | 30 | 3.00 |
| 0248758 | | 04/26/2004 | 0849 | 00456-2010-01 | LEXAPRO | TAB | 10MG | WEL | | 30 | 3.00 |
| Date Written:04/26/2004 | | | | | Written By:RENDER, TINA  I | | | | | | 12.00 |
| 0248759 | 2 | 07/27/2004 | 0849 | 00591-0240-05 | LORAZEPAM | TAB | 0.5MG | WEL | | 100 | 1.00 |
| 0248759 | 1 | 06/25/2004 | 0849 | 00591-0240-05 | LORAZEPAM | TAB | 0.5MG | WEL | | 100 | 1.00 |
| 0248759 | | 04/26/2004 | 0849 | 00591-0240-05 | LORAZEPAM | TAB | 0.5MG | WEL | | 100 | 1.00 |
| Date Written:03/11/2004 | | | | | Written By:RENDER, TINA  I | | | | | | 3.00 |
| 0248760 | | 04/03/2004 | 0849 | 00024-5421-31 | AMBIEN | TAB | 10MG | | | 0 | .00 |
| Date Written:03/11/2004 | | | | | Written By:RENDER, TINA  I | | | | | | .00 |
| 0252837 | | 05/05/2004 | 0849 | 50458-0034-05 | DURAGESIC | DIS | 50MCG/HR | WEL | | 10 | 3.00 |
| Date Written:05/05/2004 | | | | | Written By:VARGAS, TAMMY | | | | | | 3.00 |
| 0254418 | | 05/18/2004 | 0849 | 00054-4650-25 | ROXICET | TAB | 5-325MG | WEL | | 45 | 1.00 |
| Date Written:05/11/2004 | | | | | Written By:MROCZKA, ZOFIA S | | | | | | 1.00 |
| 0257875 | 3 | 12/10/2004 | 0849 | 00781-2048-01 | AMANTADINE | CAP | 100MG | WEL | | 60 | 1.00 |
| 0257875 | 2 | 10/04/2004 | 0849 | 00781-2048-01 | AMANTADINE | CAP | 100MG | WEL | | 60 | 1.00 |
| 0257875 | 1 | 08/10/2004 | 0849 | 00781-2048-01 | AMANTADINE | CAP | 100MG | WEL | | 60 | 1.00 |
| 0257875 | | 06/14/2004 | 0849 | 00781-2048-01 | AMANTADINE | CAP | 100MG | WEL | | 60 | 1.00 |
| Date Written:06/14/2004 | | | | | Written By:MROCZKA, ZOFIA S | | | | | | 4.00 |
| 0257876 | 3 | 09/14/2004 | 0849 | 00071-0805-24 | NEURONTIN | CAP | 300MG | WEL | | 60 | 3.00 |
| 0257876 | 2 | 08/10/2004 | 0849 | 00071-0805-24 | NEURONTIN | CAP | 300MG | WEL | | 60 | 3.00 |
| 0257876 | 1 | 07/14/2004 | 0849 | 00071-0805-24 | NEURONTIN | CAP | 300MG | WEL | | 60 | 3.00 |

Date Written:06/14/2004

Written By:MROCZKA, ZOFIA S

12.00

BROOKS MAXI DRUG #0849
455 MAIN STREET
SOUTHBRIDGE, MA 01550
(508) 764-8567

Name: CINTRON INES
Addr: 44 ROOSEVELT DR
Southbridge MA 01550

Record of Prescription For:

CINTRON INES
01/17/2001 Thru 02/16/2005
Refilled in any Brooks Pharmacy

Page: 7
Date: 02/16/2005

DOB: 04/20/1956
SEX: Female
PHONE: (508) 765-0667

| Rx # | Ref | Date of Service | Store | N.D.C. | Drug Name | | 1st Cvg | 2nd Cvg | Qty | Patient Cost |
|---|---|---|---|---|---|---|---|---|---|---|
| 0257877 | | 06/14/2004 | 0849 | 00172-4096-60 | BACLOFEN | TAB 10MG | WEL | | 30 | 1.00 |

Date Written:06/14/2004    Written By:MROCZKA, ZOFIA S

| 0258083 | 5 | 11/15/2004 | 0849 | 00172-2083-80 | HYDROCHLOROTHIAZIDE | TAB 25 | WEL | | 30 | 1.00 |
| 0258083 | 4 | 10/11/2004 | 0849 | 00172-2083-80 | HYDROCHLOROTHIAZIDE | TAB 25 | WEL | | 30 | 1.00 |
| 0258083 | 3 | 09/14/2004 | 0849 | 00172-2083-80 | HYDROCHLOROTHIAZIDE | TAB 25 | WEL | | 30 | 1.00 |
| 0258083 | 2 | 09/14/2004 | 0849 | 00172-2083-80 | HYDROCHLOROTHIAZIDE | TAB 25 | WEL | | 30 | 1.00 |
| 0258083 | | 07/16/2004 | 0849 | 00172-2083-80 | HYDROCHLOROTHIAZIDE | TAB 25 | WEL | | 30 | 1.00 |
| 0258083 | 1 | 06/15/2004 | 0849 | 00172-2083-80 | HYDROCHLOROTHIAZIDE | TAB 25 | WEL | | 30 | 1.00 |

Date Written:06/15/2004    Written By:VARGAS, TAMMY    6.00

| 0258306 | | 06/16/2004 | 0849 | 49884-0638-01 | CIPROFLOXACN | TAB 500MG | WEL | | 14 | 1.00 |

Date Written:06/16/2004    Written By:VARGAS, TAMMY    1.00

| 0260832 | | 07/07/2004 | 0849 | 00062-5356-01 | TERAZOL 3 | CRE 0.8% | WEL | | 0 | .00 |

Date Written:07/07/2004    Written By:SWANSON, KATHRYN    .00

| 0260841 | | 07/07/2004 | 0849 | 64011-0001-08 | GYNAZOLE-1 | CRE 2% | WEL | | 5 | 3.00 |

Date Written:07/07/2004    Written By:SWANSON, KATHRYN    3.00

| 0261662 | | 07/14/2004 | 0849 | 00093-3147-01 | CEPHALEXIN | CAP 500MG | WEL | | 21 | 1.00 |

Date Written:07/14/2004    Written By:SWANSON, KATHRYN    1.00

| 0261870 | | 07/15/2004 | 0849 | 00781-1526-10 | POT CHLORIDE | TAB 10MEQ CR | WEL | | 30 | 1.00 |

Date Written:07/15/2004    Written By:VARGAS, TAMMY    1.00

| 0262085 | 3 | 12/28/2004 | 0849 | 00555-0874-02 | WARFARIN | TAB 4MG | WEL | | 60 | 1.00 |
| 0262085 | 2 | 11/09/2004 | 0849 | 00555-0874-02 | WARFARIN | TAB 4MG | WEL | | 60 | 1.00 |
| 0262085 | 1 | 10/04/2004 | 0849 | 00555-0874-02 | WARFARIN | TAB 4MG | WEL | | 60 | 1.00 |
| 0262085 | | 08/25/2004 | 0849 | 00555-0874-02 | WARFARIN | TAB 4MG | WEL | | 60 | 1.00 |

Date Written:07/19/2004    Written By:VARGAS, TAMMY    3.00

0264380    2    10/25/2004    0849    00456-2010-01    LEXAPRO    TAB 10MG    WEL    30    3.00
0264380    1    09/22/2004    0849    00456-2010-01    LEXAPRO    TAB 10MG    WEL    30    3.00

Record of Prescription For:

CINTRON INES
01/17/2001 Thru 02/16/2005
Refilled in any Brooks Pharmacy

BROOKS MAXI DRUG #0849
455 MAIN STREET
SOUTHBRIDGE, MA 01550
(508) 764-8567

Name: CINTRON INES
Addr: 44 ROOSEVELT DR
Southbridge MA 01550

DOB: 04/20/1956
SEX: Female
PHONE: (508) 765-0667

Page: 8
Date: 02/16/2005

| Rx # | Ref | Date of Service | Store | N.D.C. | Drug Name | 1st Cvg | 2nd Cvg | Qty | Patient Cost |
|---|---|---|---|---|---|---|---|---|---|
| 0264380 | | 08/23/2004 | 0849 | 00456-2010-01 | LEXAPRO TAB 10MG | WEL | | 30 | 3.00 |
| Date Written:08/23/2004 | | | | | | | | ======= | 9.00 |
| 0264381 | | 09/22/2004 | 0849 | 00591-0240-05 | LORAZEPAM TAB 0.5MG | WEL | | 100 | 1.00 |
| Date Written:08/05/2004 | | | | | | | | ======= | 1.00 |
| 0264383 | | 08/05/2004 | 0849 | 00024-5421-31 | AMBIEN TAB 10MG | WEL | | 10 | 1.00 |
| Date Written:08/05/2004 | | | | | | | | ======= | 3.00 |
| 0265515 | | 08/16/2004 | 0849 | 50111-0529-01 | CHO MAG TRIS TAB 750MG | WEL | | 100 | 1.00 |
| Date Written:06/21/2004 | | | | | | | | ======= | 1.00 |
| 0266397 | | 08/23/2004 | 0849 | 50458-0034-05 | DURAGESIC DIS 50MCG/HR | WEL | | 10 | 3.00 |
| Date Written:08/23/2004 | | | | | | | | ======= | 3.00 |
| 0266398 | 1 | 11/15/2004 | 0849 | 00591-0485-01 | BUT/APAP/CAF CAP TAB | WEL | | 60 | 1.00 |
| 0266398 | | 08/23/2004 | 0849 | 00591-0485-01 | BUT/APAP/CAF CAP TAB | WEL | | 60 | 1.00 |
| Date Written:08/23/2004 | | | | | | | | ======= | 2.00 |
| 0268156 | | 09/06/2004 | 0849 | 00591-0349-05 | HYDROCODONE/APAP TAB 5-500M | WEL | | 45 | 1.00 |
| Date Written:09/06/2004 | | | | | | | | ======= | 1.00 |
| 0271975 | | 10/05/2004 | 0849 | 53489-0139-05 | PREDNISONE TAB 10MG | WEL | | 10 | 1.00 |
| Date Written:10/05/2004 | | | | | | | | ======= | 1.00 |
| 0272813 | 1 | 12/10/2004 | 0849 | 00093-1039-01 | GABAPENTIN CAP 300MG | WEL | | 60 | 1.00 |
| 0272813 | | 10/12/2004 | 0849 | 00071-0805-24 | NEURONTIN CAP 300MG | WEL | | 60 | 3.00 |
| Date Written:10/12/2004 | | | | | | | | ======= | 4.00 |

0273147 10/14/2004 0849 49884-0601-36 SSD AF CRE 1% WEL 50 1.00
==========
Date Written:10/14/2004 Written By:VARGAS, TAMMY 1.00

(STAND.PFF 04-10-04)

Record of Prescription For:

CINTRON INES
01/17/2001 Thru 02/16/2005
Refilled in any Brooks Pharmacy

BROOKS MAXI DRUG #0849
455 MAIN STREET
SOUTHBRIDGE, MA 01550
(508) 764-8567

Name: CINTRON INES
Addr: 44 ROOSEVELT DR
      Southbridge MA 01550

DOB: 04/20/1956
SEX: Female
PHONE: (508) 765-0667

Page: 9
Date: 02/16/2005

| Rx # | Ref | Date of Service | Store | N.D.C. | Drug Name | 1st Cvg | 2nd Cvg | Qty | Patient Cost |
|------|-----|-----------------|-------|--------|-----------|---------|---------|-----|--------------|
| 0273956 | | 10/20/2004 | 0849 | 00093-0311-01 | LOPERAMIDE    CAP 2MG | WEL | | 10 | 1.00 |
| Date Written:10/20/2004 | | | | | Written By:VARGAS, TAMMY | | | | ============ 1.00 |
| 0274119 | | 10/21/2004 | 0849 | 00300-3702-01 | PREVPAC            MIS | WEL | | 14 | 3.00 |
| Date Written:10/21/2004 | | | | | Written By:VARGAS, TAMMY | | | | ============ 3.00 |
| 0274533 | 1 | 12/28/2004 | 0849 | 00456-2010-01 | LEXAPRO     TAB 10MG | WEL | | 30 | 3.00 |
| 0274533 | | 11/27/2004 | 0849 | 00456-2010-01 | LEXAPRO     TAB 10MG | WEL | | 30 | 3.00 |
| Date Written:09/29/2004 | | | | | Written By:RENDER, TINA I | | | | ============ 3.00 |
| 0276562 | 3 | 02/03/2005 | 0849 | 00555-0831-02 | WARFARIN     TAB 1MG | WEL | | 30 | 1.00 |
| 0276562 | 2 | 01/07/2005 | 0849 | 00555-0831-02 | WARFARIN     TAB 1MG | WEL | | 30 | 1.00 |
| 0276562 | 1 | 11/27/2004 | 0849 | 00555-0831-02 | WARFARIN     TAB 1MG | WEL | | 30 | 1.00 |
| 0276562 | | 11/08/2004 | 0849 | 00555-0831-02 | WARFARIN     TAB 1MG | WEL | | 30 | 1.00 |
| Date Written:11/08/2004 | | | | | Written By:VARGAS, TAMMY | | | | ============ 4.00 |
| 0276771 | | 11/09/2004 | 0849 | 50458-0034-05 | DURAGESIC    DIS 50MCG/HR | WEL | | 10 | 3.00 |
| Date Written:11/09/2004 | | | | | Written By:VARGAS, TAMMY | | | | ============ 3.00 |
| 0280862 | 1 | 12/28/2004 | 0849 | 00591-5658-10 | CYCLOBENZAPRINE TAB 10MG | WEL | | 30 | 1.00 |
| 0280862 | | 12/10/2004 | 0849 | 00591-5658-10 | CYCLOBENZAPRINE TAB 10MG | WEL | | 30 | 1.00 |
| Date Written:12/10/2004 | | | | | Written By:VARGAS, TAMMY | | | | ============ 1.00 |
| 0283132 | 1 | 02/03/2005 | 0849 | 00172-2083-80 | HYDROCHLOROTHIAZIDE TAB 25 | WEL | | 30 | 1.00 |
| 0283132 | | 12/29/2004 | 0849 | 00172-2083-80 | HYDROCHLOROTHIAZIDE TAB 25 | WEL | | 30 | 1.00 |
| Date Written:12/29/2004 | | | | | Written By:VARGAS, TAMMY | | | | ============ 1.00 |
| 0284974 | | 01/11/2005 | 0849 | 63395-0101-10 | FLOXIN OTIC SOLO.3% | WEL | | 10 | 3.00 |
| Date Written:01/11/2005 | | | | | Written By:VARGAS, TAMMY | | | | ============ 3.00 |